UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DE MIN GU,

                      Plaintiff,

          -against-

JOHN DOE (NEAL), JOHN DOE, JOHN DOE
and JOHN DOE,

                      Defendants.

----------------------------------------------------------x

                    **MEMORANDUM AND ORDER**
                        23-CV-3006 (PKC)

PAMELA K. CHEN, District Judge:

      Plaintiff De Min Gu, proceeding *pro se,* commenced the instant action on April 7, 2023, in

the United States District Court for the Southern District of New York.  By Order dated April 13,

2023, the Southern District transferred the action to this Court.  Plaintiff's request to proceed *in*

*forma pauperis* ("IFP") is granted.  For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

      Plaintiff's 86-page complaint is far from a model of clarity.  Plaintiff invokes the Court's

federal question jurisdiction and names as Defendants: (1) "Defendant 1: 'John Doe (Neal)'",

alleged to be a member of the CIA and a manager of customer services of Great Lakes Educational

Loan Services, Inc.; (2) "Defendant 2: 'John Doe'", alleged to be a member of the CIA; (3)

"Defendant 3: 'John Doe'", alleged to be a plainclothes police officer; and (4) "Defendant 4",

alleged to be a "Plainclothes Police of 62nd Precinct Police of NYC."  (Dkt. 1, at ECF[1] 3.)

      Plaintiff alleges that Defendant 1 did not allow Catholic Charities to provide housing for

her and thus, she ended up in a shelter.  (*Id.* at 23–24.)  She further asserts that Defendant 1

---

[1] "ECF" refers to the pagination generated by the court's electronic docketing system and
not the document's internal pagination.

confiscated her property.  In addition, Plaintiff accused Defendant 1 of performing "cruel radiation experiments" on her, resulting in bleeding from her eye.[2]  (*Id.* at 25–26.)  Plaintiff alleges that Defendant 2 snuck into her room and placed cockroaches on her wall and in her bed.  (*Id.* at 11.)  She further asserts that Defendant 2 cut two small "slits" in her face in the nighttime.  *Id.*  Plaintiff asserts that in 2020 when she lived next door to Defendant 2, he used sounds to force her to sleep on her right side, which caused problems with her "vertebrae."  (*Id.* at 17–18.)

Plaintiff alleges that Defendant 3 tormented her with radiation.  (*Id.* at 3.)  Specifically, she asserts that Defendant 3 radiated her waist, hips, thighs, and feet, and that she is in pain from his actions.  *Id.*  Finally, the Court notes that the substance of Plaintiff's allegations against Defendant 4 are difficult to comprehend.  For relief, Plaintiff seeks, among other things, monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*

---

[2] The Court notes that Plaintiff filed a prior action in the Southern District of New York, in which she accused the defendants named there, which included the FBI and former President William J. Clinton, of experimenting on her and exposing her to radiation. *See Gu v. FBI, et al.*, No. 17-CV-4036 (dismissed by order dated Aug. 2, 2017, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

Plaintiff's allegations describe fantastic or delusional scenarios and, even liberally construed, can only be described as "wholly incredible" and "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011)

("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional."); *see also Liu v. NYS Off. of Temp. and Disability Assistance*, No. 22-CV-5384 (PKC) (LB), 2023 WL 1967529, at *2 (E.D.N.Y. Feb. 13, 2023) (dismissing plaintiff's claims as factually frivolous).  Plaintiff's "beliefs—however strongly [she] may hold them—are not facts."  *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022); *Thomas v. Carter*, 581 F. Supp. 3d 651, 654 (S.D.N.Y. 2022) (dismissing *pro se* complaint as frivolous where plaintiff alleged, *inter alia*, that defendants "hacked into his personal electronic devices to obtain more of his intellectual property"); *Blanco v. Jordan,* No. 21-CV-4903 (LTS), 2021 WL 4974091, at *1 (S.D.N.Y. Oct. 25, 2021) (noting that plaintiff's claims rise to the level of the irrational where she alleged, *inter alia*, that her privacy was breached by chemicals released into her apartment).

## DENIAL OF LEAVE TO AMEND

The Court would ordinarily provide Plaintiff an opportunity to amend her pleadings.  *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000).  But because the Complaint is devoid of any arguable basis in fact or law, defects which cannot be cured by amendment, leave to amend is denied, and this frivolous action will not proceed further.  *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))); *see also Allen v. Payton*, No. 21-CV-4698 (LTS), 2021 WL 3887595, at *2 (S.D.N.Y. Aug. 26, 2021) (denying *pro se* litigant leave to amend the complaint where the action is frivolous).[3]

## CONCLUSION

---

[3] In dismissing Plaintiff's complaint without leave to amend, the Court is, of course, not unsympathetic to Plaintiff's situation, which suggests that she might be suffering from mental health issues.

For the reasons set forth above, this action is dismissed as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).  The Clerk of Court is respectfully directed to enter judgment and to serve a copy of this order, the judgment, and an appeals packet on Plaintiff at the address of record and to close the case.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: April 27, 2023
           Brooklyn, New York